## RICHARDS v. WHITING.

(Supreme Court, Appellate Division, Second Department.  June 5, 1908.)

DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL.

The fact that a party has personal knowledge on a question in issue, or has other evidence thereon, is no reason for refusing to allow him to examine his adversary on the issue before trial.

Appeal from Special Term, Kings County.

Action by Paul M. Richards against Charles S. Whiting.  From an order denying defendant's motion to modify an order for his examination before trial, he appeals.  Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

C. S. Keyes, for appellant.

J. Aspinwall Hodge, for respondent.

GAYNOR, J.  The complaint alleges a contract between the plaintiff and the defendant that all commissions on real estate transactions by the latter with persons introduced to him by the former should be equally divided.  It is conceded that an examination before trial should be had, but contended that it should be limited to proof of the transactions had with persons so introduced and the commissions earned thereon.  The defendant should not be examined to prove the contract or to show the persons introduced, it is claimed, for the reason that the plaintiff must have personal knowledge thereof and can testify to it himself on the trial.  That a party has other evidence on an issue is not a reason for refusing to allow him to examine his adversary on the issue.  On the contrary, such examination may avoid the necessity of calling witnesses.  It might seem that due regard for recent decisions would deter the taking of appeals like this.  Shonts v. Thomas, 116 App. Div. 854, 102 N. Y. Supp. 324; Donaldson v. Brooklyn Heights R. Co., 119 App. Div. 513, 104 N. Y. Supp. 178; Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704; Koplin v. Hoe, 123 App. Div. 827, 108 N. Y. Supp. 602; Cherbuliez v. Parsons, 123 App. Div. 814, 108 N. Y. Supp. 321.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements.  All concur.

---

## RYAN v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department.  June 5, 1908.)

EVIDENCE—RELEVANCY—CHARACTER.

In an action against a street railway for injuries to a passenger in alighting from a car, testimony of a witness, who had stated that plaintiff was drunk at the time of the accident, as to whether he had seen plaintiff drunk on other occasions, was inadmissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 186–399.]

Appeal from Municipal Court of New York.

Action by Patrick J. Ryan against the New York & Queens County Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Anthony J. Ernest, for appellant.

John Hetherington, for respondent.

WOODWARD, J. This is an action to recover for personal injuries, due to the alleged negligence of the defendant in starting its car before the plaintiff, who had signaled for a stop, had had an opportunity to alight. There was a clear conflict of evidence as to whether the car had stopped or not when the plaintiff stepped off, and we are of the opinion that the weight of evidence is not against the conclusion reached by the jury.

The only other suggestion for a reversal of this judgment is the alleged error of the trial court in excluding evidence. Defendant's witness had testified to the effect that the plaintiff was drunk, or appeared to be drunk, at the time of the accident, and that he stepped off the car in spite of the motorman's warning not to do so. The witness was then asked as to whether he had seen the plaintiff drunk on other occasions, and this was, on objection, excluded. We are entirely clear that evidence of the plaintiff's habits of life was not admissible to prove that he was drunk at the time this accident occurred, and no case to which our attention is called gives any color to such a contention. There are cases in which such evidence might be admissible, but they are not cases of this character.

The judgment appealed from should be affirmed, with costs. All concur.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.